UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **GERALD E. HENDRICKS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 13-CV-0390-CVE-PJC |
| | ) | |
| **LIBERTY NATIONAL LIFE INSURANCE COMPANY, and THE RELIABLE LIFE INSURANCE COMPANY,** | ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Substitute Party. Dkt. # 15. On March 28, 2013, plaintiff Gerald E. Hendricks filed a petition in state court against defendants Liberty National Life Insurance Company (Liberty) and The Reliable Life Insurance Company (Reliable). Dkt. # 2-2, at 2-3. Hendricks stated that defendants were "in breach of their contract of insurance and ha[d] not conducted themselves in good faith, or dealt fairly with this [p]laintiff." Id. at 3. He requested actual damages in an amount greater than $10,000, attorney fees, and punitive damages in an amount greater than $10,000. Id. On July 5, 2013, Reliable removed the case to federal court, because, Reliable asserted, this Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Dkt. # 2, at 2. To its notice of removal, Reliable attached all state court filings, including a "Notice of Death" (Dkt. # 2-12, at 2) filed on May 28, 2013. The "Notice of Death" was filed by Hendricks' attorney and "advise[d] the court and all parties hereto that on the 27th day of May, 2013, the [p]laintiff, Gerald E. Hendricks, died." Id. On July 29, 2013, counsel for Hendricks filed a motion to remand. Dkt. # 11. Thereafter, on August 12, 2013, the parties filed a joint status report (Dkt. # 12), and defendants filed responses to the motion to remand (Dkt. ## 13, 14).

> Pursuant to Fed. R. Civ. P. 25(a)(1),
>
> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

"The 90-day time limit for filing a motion to substitute begins to run after a valid suggestion of death has been made." Hilsabeck v. Lane Co., Inc., 168 F.R.D. 313, 314 (D. Kan. 1996) (citations omitted). However, for the "suggestion of death" to be valid, it must be "served on the successors or representatives of [the deceased] who are not parties to [the] action in the manner provided by Fed.R.Civ.P. 4, as Rule 25(a)(1) requires." Id. (citations omitted). "Rule 25(a)(1) requires service, though it does not say which nonparties must be served . . . But nonparties with a significant financial interest in the case, namely the decedent's successors (if his estate has been distributed) or personal representative ([if] it has not been), should certainly be served." Atkins v. City of Chicago, 547 F.3d 869, 873 (7th Cir. 2008) (citations omitted). "The decedent's lawyer may not file such a motion [or the suggestion of death] in his own name because he no longer has a client, but for obvious practical reasons he is permitted to file a motion for an extension of time if there is no executor because the decedent died without a will and an administrator of the estate has not yet been named." Id. at 872; Hilsabeck, 168 F.R.D. at 314 ("The attorney for the deceased party may not make the suggestion of death since he is not himself a party to the action and, since his authority to represent the deceased terminated on the death, he is not a representative of the deceased party of the sort contemplated by the rule." (internal quotation marks and citations omitted)).

Once there is a valid "suggestion of death on the record[,]" the 90-day time limitation begins to run. United States v. Miller Bros. Const. Co., 505 F.2d 1031, 1035 (10th Cir. 1974). If a party

fails to file a motion for substitution within the prescribed time-period, the court is required to dismiss the case. Fed. R. Civ. P. 25(a)(1); see Hofheimer v. McIntee, 179 F.2d 789, 791 (7th Cir. 1950) (discussing a prior version of Rule 25(a), which stated that "[i]f a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party. . . .").

Hendricks' attorney filed the notice of death. Dkt. # 2-12, at 2. And, it is unclear whether Hendricks' successor or personal representative was served. See Dkt. # 2-12. The certificate of mailing attached to the notice of death lists John D. Russell and Steven J. Adams (attorneys for Liberty) and Rebecca D. Stanglein and Victor F. Albert (attorneys for Reliable), but the notice of death does not state who the successor or personal representative is or whether that person has been served.

If the notice of death was sufficient, the 90-day period ended on August 26, 2013, and the case must be dismissed. However, the Court finds that the notice of death was not sufficient. Rule 25 was amended to be more lenient - - the 1963 amendment eliminated the "inflexible requirement that an action be dismissed as to a deceased party if substitution [was] not carried out within a fixed period measured from the time of death." Fed. R. Civ. P. 25(a) advisory committee's notes. To comport with the intent of Rule 25, a case should not be dismissed based on a notice of death, which would be insufficient if measured against Rule 25(a), especially where the decedent's attorney attempted to file a motion to substitute within the 90-day time period. Thus, if defendants wish to begin the running of the 90-day period, they may file an adequate suggestion of death.

On August 26, 2013, Hendricks' attorney filed the motion to substitute party, which requested that "the personal representative of the decedent be substituted herein." Dkt. # 15, at 1. However, Hendricks' attorney failed to identify the personal representative of Hendricks' estate. "[T]he purpose of Rule 25(a)(1) is to protect the estate of the decedent, [so] district courts must ensure only 'those individuals who can adequately represent the interests of the deceased party' are substituted under the rule." In re Baycol Products Litigation, 616 F.3d 778, 788 (8th Cir. 2010) (quoting Sinito v. U.S. Dep't of Justice, 176 F.3d 512, 516 (D.C. Cir. 1999)). From the information provided in the motion to substitute party, the Court cannot determine who the personal representative is. And, the motion was filed by Hendricks' attorney; however, Hendricks died nearly three months prior to this motion being filed and, therefore, Hendricks' attorney "no longer ha[d] a client[ ]" at the time he filed the motion. Atkins, 547 F.3d at 873. Therefore, the motion should be denied.

Hendricks' attorney filed the motion to remand (Dkt. # 11) over two months after Hendricks' death. However, at Hendricks' death, Hendricks ceased to be a party, and his attorney no longer had any authority to file on Hendricks' behalf. Therefore, the motion to remand should be stricken.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Substitute Party (Dkt. # 15) is **denied.**

**IT IS FURTHER ORDERED** that, pursuant to Rule 25(a), a proper party shall be substituted for Gerald E. Hendricks.

**IT IS FURTHER ORDERED** that the motion to remand (Dkt. # 11) is **stricken**.

**IT IS FURTHER ORDERED** that counsel for decedent Gerald E. Hendricks no longer represents a party to this action; however, if he becomes counsel for Hendricks' estate, he shall abide by Rule 25(a).

**DATED** this 27th day of August, 2013.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE