UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DONNA S. EVANS, in her capacity as the Personal Representative of the Estate of Gerald E. Hendricks,** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**LIBERTY NATIONAL LIFE INSURANCE COMPANY, and THE RELIABLE LIFE INSURANCE COMPANY,** )<br>)<br>)<br>)<br>**Defendants.** )  | Case No. 13-CV-390-CVE-PJC |

## OPINION AND ORDER

Now before the Court are Plaintiff's Motion to Remand and Brief in Support (Dkt. # 21) and Plaintiff's Motion to Remand and Brief in Support (Dkt. # 23). Defendant The Reliable Life Insurance Company (Reliable) removed this case from the District Court of Tulsa County, State of Oklahoma, on July 5, 2013, on the basis of diversity jurisdiction. Dkt. # 2. Plaintiff asks this Court to remand because of insufficient notice, non-joinder by defendant Liberty National Life Insurance Company (Liberty) in the removal, and untimeliness. Defendants deny the alleged inadequacies, and further assert that plaintiff's motions to remand were themselves untimely.

I.

On March 28, 2013, Gerald E. Hendricks filed this suit in the District Court of Tulsa County, Oklahoma, alleging that defendants denied Hendricks benefits owed to him under an insurance policy. Dkt. # 2-2, at 2-3. Hendricks alleges both breach of contract and breach of the duty of good faith and fair dealing. Dkt. # 2-2, at 3. On May 27, 2013, Gerald E. Hendricks died, and on May 28, 2013, a notice of death was filed. Dkt. # 2-12.

Reliable removed this case to federal court on July 5, 2013, Dkt. # 2, on the basis of diversity jurisdiction. Id. at 2. A motion to remand was filed on July 29, 2013. Dkt. # 11. However, that motion was stricken, as it was filed by Hendricks's attorney over two months after Hendricks's death. Dkt. # 16, at 4. A motion to substitute Donna S. Evans, the personal representative of the estate of Gerald Hendricks, as plaintiff was filed on August 29, 2013. The next day, Evans filed a motion to remand. Dkt. # 21. On September 4, 2013, Evans was substituted as the named plaintiff. Dkt. # 22. On September 20, Evans filed a second motion to remand. Dkt. # 23. This motion is substantively identical to the first, but was "filed out of an over abundance of caution," after Evans was substituted as the named plaintiff. Dkt. # 23, at 3.

## II.

Removal to federal court is possible for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28. U.S.C. § 1441 (2011). District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000, exclusive of interest and costs, and is between . . . citizens of different [s]tates." 28 U.S.C. § 1332(a). Under § 1332, a party must show that complete diversity of citizenship exists between the adverse parties. Symes v. Harris, 472 F.3d 754, 758 (10th Cir. 2006).

Where a defendant chooses to exercise the right of removal, it must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . [or] after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). "[G]iven the limited scope of federal jurisdiction, there is a presumption

against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 F. App'x 775, 778 (10th Cir. 2005).[1]

### III.

Plaintiff advances three arguments as to why removal was improper: (1) insufficient notice, (2) failure of Liberty to join in removal, and (3) untimeliness. Dkt. # 23, at 2, 8. Reliable contends that notice was sufficient, that Liberty properly joined in removal, that removal was timely, and that plaintiff's motions to remand were themselves untimely. Dkt. # 24, at 1-2.

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." 28 U.S.C. § 1447 (2011). The first of Evans' motions to remand was filed on August 30, 2013, well over thirty days after the notice of removal was filed on July 5, 2013. Dkt. ## 2, 21. Evans argues that improper notice should toll the thirty-day deadline imposed by § 1447. Dkt. # 23, at 2. However, another judge of this court has determined that the thirty-day deadline may not be tolled. Kirk Family Revocable Trust v. Flint Ridge Prop. Owners Ass'n, No. 08-CV-68-TCK-FHM, 2008 WL 5060209, at *3 (N.D. Okla. Nov. 20, 2008). The undersigned agrees. The time limit of § 1447(c) was designed "to prevent the shuffling of cases between state and federal courts after the first thirty days based on purely procedural defects when each court has subject matter jurisdiction." Quested v. Mortg. Plus, Inc., No. 01-1394-WEB, 2002 WL 810301, at *2 (D. Kan. April 15, 2002); see also H.R. Rep. No. 100-889, at 72 (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6033, 1988 WL 169934 ("So long as the defect in the removal procedure does not involve a lack of federal subject-matter jurisdiction,

---

[1] This and all other unpublished decisions are not precedential, but are cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

there is no reason why either State or Federal courts, or the parties, should be subject to the burdens of shuttling a case between two courts that each have subject-matter jurisdiction."). Tolling the time period would simply allow procedural defects to shuttle a case back to state court in direct contravention of the intent of Congress. This Court may not toll the thirty-day deadline.

Because Evans' motions to remand were untimely, any procedural defects are deemed waived. "[L]ack of unanimous consent is a procedural defect, not a jurisdictional defect." Farmland Nat'l Beef Packing Co. v. Stone Container Corp., 98 Fed. App'x 752, 756 (10th Cir. 2004); see also Sheldon v. Khanal, 502 Fed. App'x 765, 770 (10th Cir. 2012) (describing the failure of a defendant to properly join in a removal petition as a nonjurisdictional defect). The thirty-day timeliness requirement of removal is not jurisdictional. Maniar v. FDIC, 979 F.2d 782, 784 (9th Cir. 1992); Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1263 (5th Cir. 1988); Loftin v. Rush, 767 F.2d 800, 805 (11th Cir. 1985), abrogated on other grounds by Ariail Drug Co. v. Recomm Int'l Display, Inc., 122 F.3d 930, 933 (11th Cir. 1997); Farm & City Ins. Co. v. Johnson, 190 F. Supp. 2d 1232, 1236 (D. Kan. 2002); see also Page v. City of Southfield, 45 F.3d 128, 131 (6th Cir. 1995) (characterizing the failure to comply with 28 U.S.C. § 1446(b) as a defect in procedure); In re Cont'l Cas. Co., 29 F.3d 292, 294 (7th Cir. 1994) (indicating that failing to comply with section 1446 is a defect in procedure); Henderson v. Holmes, 920 F. Supp. 1184, 1186 (D. Kan. 1996) (describing an untimely removal notice as a defect in removal procedure). Because Evans' contentions that Liberty did not join in removal and that removal was untimely are procedural in nature, they are deemed waived.

Less settled is whether a lack of notice is a procedural or jurisdictional defect. Some district courts have held that a defect in removal notice is a defect in procedure. Henderson, 920 F. Supp.

4

at 1186; Macri v. M & M Contractors, Inc., 897 F. Supp. 381, 385 (N.D. Ind. 1995). This appears consistent with the test used by other circuits that an irregularity is jurisdictional only if the case could not have been initially filed in federal court. Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 614 (3rd Cir. 2003); see also Williams v. AC Spark Plugs Div. of Gen. Motors, 985 F.2d 783, 787 (5th Cir. 1993) ("If a plaintiff initially could have filed his action in federal court, . . . the plaintiff must object to the improper removal within thirty days after the removal, or he waives his objection."). This Court holds that treating a lack of notice as a procedural defect would best effectuate the intent of Congress. Evans' allegation of insufficient notice is procedural in nature and deemed waived.[2]

Although plaintiff's objections to removal have been deemed waived, this Court must independently determine if subject matter jurisdiction exists. Diversity jurisdiction requires both diversity of citizenship and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a). Defendants are not citizens of Oklahoma. Dkt. # 2, at 4. Gerald E. Hendricks was a citizen of Oklahoma. See Dkt. # 2-16, at 2; Dkt. # 20-1, at 1. As legal representative of the estate of Hendricks, Evans is deemed to be a citizen of Oklahoma. See 28 U.S.C. § 1332 (2011). Complete diversity of citizenship exists. Plaintiff's state court complaint does not identify a specific amount that plaintiff

---

[2] It is worth noting that Reliable attempted to serve Hendricks, the named plaintiff at the time of removal. Dkt. # 2, at 12. The notice of removal was served on the former lawyers of Hendricks, and would have been proper if Hendricks were still alive. See id. Those lawyers are now representing Evans. Although a notice of Hendricks's death (Dkt. # 2-12) had been filed prior to the notice of removal, it failed to provide the identity of Hendricks's personal representative. Id. Further, this Court has ruled that the notice of death was not sufficient. Dkt. # 16, at 3. Additionally, Evans was not substituted as named plaintiff until September 4, 2013, nearly two months after the notice of removal was filed. Dkt. # 22. Reliable was required to remove this case within thirty days of it first becoming ascertainable that the case was removable. 28 U.S.C. § 1446(b)(3). Waiting for Evans to be substituted as plaintiff could have resulted in the removal being ruled untimely.

seeks to recover. See Dkt. # 2-2, at 3 (praying for actual damages in excess of $10,000, punitive damages in excess of $10,000, and attorney fees). When a plaintiff fails to provide the specific amount he seeks to recover, the defendant seeking removal must affirmatively establish the possibility that over $75,000 is in play. McPhail v. Deere & Co., 529 F.3d 947, 955 (10th Cir. 2008). The defendant may rely on estimates based on the allegations in the complaint or documentation beyond the complaint itself. Id. at 755-56. Claims for attorney fees may also be considered. See Slover v. Equitable Variable Life Ins. Co., 443 F. Supp. 2d 1272, 1277 (N.D. Okla. 2006).

Defendants have succeeded in establishing the possibility that over $75,000 is at stake. First, they provided documentation showing that Hendricks had submitted at least $50,000 in medical expenses to Reliable. Dkt. # 2-17, at 2-3. Defendants also note that Hendricks has prayed for punitive damages and that punitive damages may exceed $500,000 in cases of insurance bad faith. See Okla. Stat. tit. 23, § 9.1 (2011). Finally, they have provided an affidavit declaring that a reasonable attorney fee in this action may be estimated at over $45,000. Dkt. # 2-19, at 3. These jurisdictional facts are sufficient to raise the possibility that over $75,000 is at issue. In conjunction with the parties' complete diversity of citizenship, this is sufficient to establish subject matter jurisdiction. No grounds for remand exist.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand and Brief in Support (Dkt. # 21) and Plaintiff's Motion to Remand and Brief in Support (Dkt. # 23) are **denied.**

**DATED** this 15th day of October, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE