UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONNA S. EVANS, in her capacity as the Personal Representative of the Estate of Gerald E. Hendricks, <br><br>Plaintiff, <br><br>v. <br><br>LIBERTY NATIONAL LIFE INSURANCE COMPANY, and THE RELIABLE LIFE INSURANCE COMPANY, <br><br>Defendants. | Case No. 13-CV-0390-CVE-PJC |

## OPINION AND ORDER

Now before the Court is Plaintiff's Objections to Order [Docket No. 53]. Dkt. # 54. Plaintiff Donna S. Evans objects to the magistrate judge's order (Dkt. # 65) denying plaintiff's motion to compel discovery (Dkt. # 40). The Reliable Life Insurance Company (Reliable) has responded (Dkt. # 55), while Liberty National Life Insurance Company (Liberty) has not.

**I.**

Plaintiff filed a petition in Tulsa County, Oklahoma (Dkt. # 2-2) that was later removed (Dkt. # 2). Plaintiff alleges that Gerald E. Hendricks[1] purchased an insurance policy from Liberty that would "pay benefits in the event he became a victim of cancer." Dkt. # 2-2, at 2. Plaintiff alleges that at "some time subsequent to the issuance of [the insurance policy] [Reliable] appeared in the stead of [Liberty]." Id. at 3. Plaintiff alleges that Hendricks "did in fact become afflicted with cancer, has made claims under the referenced policy, done all things precedent to obtain the benefits

---

[1] Gerald E. Hendricks died on May 27, 2013. Dkt. # 2-12, at 2. Donna S. Evans, the personal representative of Hendricks' estate, was substituted as the named plaintiff. Dkt. # 22.

of the policy, but has been denied benefits under the policy." Id. Plaintiff alleges that defendants "are in breach of their contract of insurance and have not conducted themselves in good faith, or dealt fairly with [Hendricks]." Id. Plaintiff filed her motion to compel discovery in order "to discover the identity of others who had insurance similar to that which [Hendricks] had and whether the claims of those persons were denied, suits were filed, and so forth" on the ground that the requested information is relevant to her claims of breach of contract and bad faith. Dkt. # 40, at 1-2. The magistrate judge found that the information was not relevant to plaintiff's claims, and he denied the motion to compel. Dkt. # 53.

The magistrate judge determined that plaintiff's breach of contract and bad faith claims were confined to Hendricks' particular insurance policy. Dkt. # 53, at 3. The magistrate judge also determined that there "is no allegation of a broad business practice of wrongly denying insurance claims; nor, has the Court been provided with evidence that would suggest such a claim." Id. The magistrate judge stated that plaintiff has offered only speculation that the requested discovery would have any bearing on the suit. Id. Noting that the Tenth Circuit "has taken a dim view of attempts to use broad, non-specific allegations as justification for wide-ranging discovery," the magistrate concluded that there was no foundation from which he could conclude that the requested information was relevant and denied the motion. Id. at 3-4.

## II.

Federal magistrate judges may hear and determine any pretrial matter that is not dispositive of the case and must enter a "written order setting forth the disposition of the matter." 28 U.S.C. § 636(b)(1); Phillips v. Beierwaltes, 466 F.3d 1217, 1222 (10th Cir. 2006). Fed. R. Civ. P. 72(a) provides that an order of the magistrate judge on a pretrial matter that is not dispositive shall be set

aside or modified only if the order is found to be clearly erroneous or contrary to law. Under this standard, the district court should affirm the magistrate judge's order "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Allen v. Sybase, Inc., 468 F.3d 642, 658 (10th Cir. 2006) (quoting Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988)).

### III.

Plaintiff argues that she is entitled to discovery because "a pattern of cheating policy holders whenever a claim [is] made" is relevant to plaintiff's claims and because her claim is not unacceptably overbroad. Dkt. # 54, at 2. Plaintiff also argues that the information sought may assist her in coordinating with other persons having similar claims. Id.[2]

The scope of discovery is governed by Fed. R. Civ. P. 26(b). Rule 26(b) provides in pertinent part:

> . . . Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. . . . [T]he Court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b). The Tenth Circuit has explained that Rule 26(b) creates a two-tiered discovery process; "the first tier being attorney-managed discovery of information relevant to any

---

[2]  Additionally, plaintiff states that the burden is on the objecting party to demonstrate that producing the requested information would cause a substantial burden. Dkt. # 54, at 3.

3

claim or defense of a party, and the second being court-managed discovery that can include information relevant to the subject matter of the action." In re Cooper Tire & Rubber Co., 568 F.3d 1180, 1188-89 (10th Cir. 2009). When the parties disagree as to the relevance of requested discovery, the court becomes "involved to determine whether discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action." Id. at 1189.

Courts use a broad definition of relevance when determining whether discovery is permissible, because discovery "is designed to help define and clarify the issues." Int'l Bhd. of Teamsters, Airline Div. v. Frontier Airlines, Inc., No. 11-cv-02007-MSK-KLM, 2012 WL 1801979, at *3 (D. Colo. May 16, 2012) (quoting Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1519 (10th Cir. 1995)) (internal quotations marks omitted). When it is "readily apparent" that the information sought is relevant, the burden is on the party opposing the discovery request to show that the need for the discovery is outweighed by the potential harm to the party resisting discovery. Lykins v. CertainTeed Corp., No. 11-2133-JTM, 2012 WL 3578911, at *4 (D. Kan. Aug. 17, 2012); see also Smith v. Sentinel Ins. Co., Ltd., No. 10-CV-269-GKF-PJC, 2011 WL 2883433, at *2 (N.D. Okla. July 15, 2011). When the relevance is not readily apparent, the party seeking the discovery has the burden to show the relevance of the information requested. Design Basics, LLC v. Strawn, 271 F.R.D. 513, 523 (D. Kan. 2010). While the concept of relevance for discovery purposes is quite broad, Rule 26 does not authorize unlimited discovery. Murphy v. Deloitte & Touche Grp. Ins. Plan, 619 F.3d 1151, 1163 (10th Cir. 2010). The mere fact that a plaintiff offers a "broad theory of the case" does not automatically justify equally broad discovery, "unless the discovery is relevant to the plaintiff's actual claims or defenses." In re Cooper Tire & Rubber Co., 568 F.3d at 1193.

4

The magistrate judge determined that plaintiff's discovery request was so speculative that he could not conclude that the requested information was relevant. See Dkt. # 53, at 3-4. Plaintiff's claims are confined solely to Hendricks' insurance policy. See Dkt. # 2-2. Plaintiff has not alleged that it was a general business practice of defendants to deny insurance claims and no such evidence has been proffered in support of the requested discovery. See AG Equip. Co. V. AIG Life Ins. Co., No. 07-CV-556-CVE-PJC, 2008 WL 5205192, at *6 (N.D. Okla. Dec. 10, 2008). Plaintiff argues that Vining ex rel. Vining v. Enter. Fin. Grp., Inc., 148 F.3d 1206 (10th Cir. 1998), demonstrates that evidence of an insurance company's pattern of denials can be relevant to a bad faith claim. Dkt. # 54, at 2. She is correct. See Vining, 148 F.3d at 1218-19. However, given the lack of evidence--or even an allegation--that defendants engaged in a pattern of denials, the magistrate judge had no reason to believe the discovery requests would produce relevant information. In Koch v. Koch Indus., Inc., 203 F.3d 1202 (10th Cir. 2000), the Tenth Circuit stated "[w]hen a plaintiff first pleads its allegations in entirely indefinite terms, without in fact knowing of any specific wrongdoing by the defendant, and then bases massive discovery requests upon those nebulous allegations, in the hope of finding particular evidence of wrongdoing, that plaintiff abuses the judicial process." Koch, 203 F.3d at 1238. Plaintiff's request is not even based upon an allegation of systemic denials or bad faith, let alone facts that such wrongdoing has occurred. See Dkt. # 2-2. The magistrate judge clearly had an adequate basis for concluding that he could not determine that the information requested by plaintiff was relevant. The Court finds that the magistrate judge's ruling that the requested discovery was not relevant to plaintiff's claims was not clearly erroneous or contrary to law. Plaintiff's objections to the magistrate judge's order should be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Objections to Order [Docket No. 53] (Dkt. # 54) is **denied**.

**DATED** this 11th day of July, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE